UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MYRA HERNANDEZ,

                                          Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
VEERANA RAMAYYA, POLICE OFFICER STEPHEN
DIMARIO, SERGEANT MATTHEW MCGOVERN,

                                          Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

CV 12 0003 (KAM) (VVP)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and three New York City Police Officers of the 83rd Precinct alleging that, on October 14, 2011, in Brooklyn, defendants violated her rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting her for possession of a firearm, denying her a fair trial and maliciously prosecuting her. The false charge was dismissed on October 20, 2011. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, malicious

prosecution and vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7. Plaintiff is a United States citizen who resides in Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York

9. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## STATEMENT OF FACTS

10. On October 14, 2011, plaintiff was sitting in the back seat of a livery cab with her friend Fred Aiello and Aiello's brother heading to the Aiello brothers' mother's home.

11. At approximately 10:30 p.m., in the vicinity of Myrtle Avenue and Broadway in Brooklyn, two of the defendants, Police Officer Veerana Ramayya and Police Officer Stephen Dimario, stopped the vehicle.

12. The defendants claimed to have found a firearm in Fred Aiello's brother's bag.

13. The firearm was never in plain view, plaintiff did not know that Aiello had a firearm in his bag and plaintiff was never in actual or constructive possession of the firearm.

14. The defendants arrested plaintiff and the Aiello brothers and searched each of them despite the fact that the defendants lacked probable cause to believe that plaintiff had committed a crime.

15. Sergeant Matthew McGovern arrived on the scene and authorized the arrest of plaintiff even though he was informed that the firearm was not in plain view and that there was no evidence that plaintiff was in actual or constructive possession of the firearm.

16. The defendants had plaintiff and the Aiello brothers taken to the 83rd Precinct.

17. While plaintiff was held in the precinct, Officer Ramayya, with the knowledge and approval of the other defendants, falsely charged plaintiff with possession of a firearm.

18. The allegation that plaintiff was found in possession of a firearm was false and was asserted so that plaintiff would be prosecuted for a crime she did not commit, so defendants could obtain overtime compensation and so defendants could increase their arrest numbers.

19. The defendants did not provide plaintiff with food, water or a telephone call in the precinct.

20. The next day, the defendants had plaintiff taken to Brooklyn Central Booking.

21. Before plaintiff's arraignment, Officer Ramayya, with the knowledge and approval of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a firearm. Officer Ramayya, with the knowledge and approval of the other defendants, signed a criminal court complaint swearing that plaintiff was found in possession of a firearm.

22. As a result of this misrepresentation, criminal proceedings were initiated against plaintiff.

23. Approximately 24 hours after her arrest, plaintiff was arraigned in Kings County Criminal Court, bail was set and plaintiff was taken to Riker's Island.

24. During her admission to Rikers Island, Correction Officers illegally strip searched plaintiff in a non-private manner in front of several other women. It was reasonably foreseeable to the defendants that if they arrested plaintiff for felony possession of a firearm -- a serious offense -- that the judge would set bail, send plaintiff to Rikers Island, and that plaintiff would be strip searched during the admission process.

25. Plaintiff posted bail and was released from Rikers on October 19, 2011.

26. The false charge was dismissed during a court appearance on October 20, 2011.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, a loss of liberty, emotional distress, fear, anxiety, embarrassment and humiliation.

## FIRST CLAIM

## (FALSE ARREST)

28. Plaintiff repeats the foregoing allegations.

29. At all relevant times, plaintiff did not commit a crime or violation.

30. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

31. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (DENIAL OF A FAIR TRIAL)

32. Plaintiff repeats the foregoing allegations.

33. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime.

34. Defendants' misrepresentation deprived plaintiff of liberty because she was incarcerated and required to make a court appearance after her arraignment.

35. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying her a fair trial.

## THIRD CLAIM

## (MALICIOUS PROSECUTION)

36. Plaintiff repeats the foregoing allegations.

37. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against her.

38. Defendants' motivations were to have plaintiff prosecuted for a crime she did not commit, to obtain overtime compensation and to increase their arrest numbers.

39. Defendants' misrepresentation deprived plaintiff of liberty because she was incarcerated and required to make a court appearance after her arraignment.

40. The criminal case filed against plaintiff was ultimately dismissed.

41. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

42. Plaintiff repeats the foregoing allegations.

43. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

44. Accordingly, the defendants are liable to plaintiff failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

45. Plaintiff repeats the foregoing allegations.

46. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

6

47. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

48. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

49. Numerous members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, corruption, theft, selling narcotics, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

50. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

51. In 2011, former NYPD narcotics officer Jerry Bowens was convicted of murder and attempted murder while under indictment for corruption.

52. In October 2011, former NYPD narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

53. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by

the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

54. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

55. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

56. Plaintiff repeats the foregoing allegations.

57. At all relevant times, plaintiff did not commit a crime or violation.

58. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

59. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION)

60. Plaintiff repeats the foregoing allegations.

61. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against her.

62. Defendants' motivations were to have plaintiff prosecuted for a crime she did not commit, to obtain overtime compensation and to increase their arrest numbers.

63. The criminal case filed against plaintiff was ultimately dismissed.

64. Accordingly, defendants are liable to plaintiff under the New York state law for malicious prosecution.

## EIGHTH CLAIM

## (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

65. Plaintiff repeats the foregoing allegations.

66. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested and maliciously prosecuted plaintiff.

67. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest and malicious prosecution.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: May 12, 2012

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391